Eau Claire Sand & Gravel Company, Appellant, vs. Cleveland and another, Respondents.

*February 10—March 8, 1921.*

*Workmen's compensation: Failure to comply with safety order: Increased compensation: Pulleys exposed to contact.*

Where part of the machinery of a sand and gravel crane consisted of a long belt carrier driven by a pulley thirty-six inches in diameter and reached by a platform, such pulley was "exposed to contact" within the meaning of Order No. 2 of the industrial commission requiring all pulleys over eighteen inches in diameter which are exposed to contact to be guarded; and hence a workman caught in the unguarded pulley while applying dressing was properly awarded increased compensation by way of penalty because his injury resulted from the failure to comply with the orders of the commission.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge.  *Affirmed.*

Workmen's compensation.  The respondent *Cleveland* was injured October 2, 1919, while in the employ of the plaintiff.  Upon a proper proceeding before the *Industrial Commission* the *Commission* awarded the respondent *Cleveland* compensation amounting to $1,959.15, and awarded him the further sum of $368.48 increased compensation by way of a penalty assessed by reason of the failure of the plaintiff to guard its machinery in accordance with the orders of the *Industrial Commission*.  The *Commission* found

"that the applicant's injury was proximately caused by a failure of the respondent to comply with safety orders of the *Industrial Commission,* namely orders 1 and 2, and that by reason thereof this applicant is entitled to additional compensation from the respondent equal to fifteen per cent. of the primary amount, or. $368.48."

This action was begun to review the award of the *Commission* giving respondent *Cleveland* the increased compensation. Upon the trial in the circuit court the award of the *Commission* was confirmed, and from the judgment of confirmation the plaintiff appeals.

For the appellant there was a brief by *John B. Fleming* and *A. H. Shoemaker,* both of Eau Claire, and oral argument by *Mr. Shoemaker.*

For the respondent *Railroad Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

ROSENBERRY, J. The respondent *Cleveland* was employed at a sand and gravel crane. A part of the machinery consisted of a belt carrier about 200 feet long which was constructed on an incline and was operated by a motor. The belt was driven by a pulley and as it moved upward carried sand in the sag of the belt. The belt was twenty inches wide and the pulley at the upper end was twenty-two inches wide and thirty-six inches in diameter. A platform was built near the pulley at the upper end of the belt, and it was at this pulley that the respondent *Cleveland* was injured. At the time of his injury he had gone to the platform with a stick of dressing for the purpose of applying it to the pulley, the belt having stopped. In response to a signal the superintendent stopped the machinery and was then told by the respondent *Cleveland* to start it again. The respondent *Cleveland* continued to apply the dressing to the pulley while the belt was in motion, and in so doing the glove which

he was wearing became fastened to the pulley and his hand and arm were drawn in between the belt and the pulley. The belt and the pulley, at the place where the injury occurred, were unguarded. Order No. 2 of the *Industrial Commission* is as follows:

"All pulleys over eighteen inches in diameter which are exposed to contact must be guarded."

Order No. 1 is in part as follows:

"All belts, ropes, or chain-driving machinery or shafting, and all secondary belts, ropes, or chains; in short, all belts, ropes, or chains exposed to contact, except belts which are so small or those which move so slowly that there is no possibility of danger, must be guarded. . . .

"Note (a)  The term 'belt' or 'secondary belts' means belts which transmit power and do not apply to sanding or polishing belts, or belts used for abrasive purposes; such belts must be guarded where possible."

The *Industrial Commission* found that the pulley at which the respondent *Cleveland* was injured came within the provisions of Order No. 2. This finding was confirmed by the trial court. The trial court correctly held that the finding was supported by substantially credible evidence and could not be set aside for that reason. It is contended that the pulley in question is not covered by Order No. 2 because not exposed to contact within the meaning of that order. The circumstances of this case show that it was exposed to contact in the ordinary course of the company's business. We do not think the phrase "exposed to contact" means to continuous or frequent contact, but to contact in the ordinary and usual course of the operation of the plant without regard to its frequency or infrequency. We shall not attempt to determine whether the belt in question transmits power within the meaning of Order No. 1. It is not necessary to a decision of this case.

*By the Court.*—Judgment affirmed.