FRITSCHLER, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*November 9—December 6, 1932.*

The cause was submitted for the appellant on the brief of *E. C. Smith* of Tomahawk, and for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general.

NELSON, J. The facts are not in dispute. On April 12, 1930, plaintiff's husband, Gust Fritschler, was employed by Joe Kopschinski, who was doing construction work for the Tomahawk Kraft Paper Company. The contract work was that of constructing a brick wall inclosing a building already in existence. Fritschler and several other employees of Kopschinski were working on a scaffold platform which extended out seven feet from the brick wall being constructed. A high-tension wire carrying 44,000 volts ran along the building parallel with it at a distance of sixteen feet therefrom. While Fritschler and several other employees of Kopschinski were engaged in raising a metal lintel fourteen feet in length and in attempting to turn it around so as to place it in proper position over a window, it was permitted to come in contact with the high-tension wire mentioned, with the unfortunate result that Fritschler was electrocuted.

Upon application of Lydia Fritschler, widow, for compensation, the facts were stipulated and the commission, on May 29, 1930, made its award for primary compensation and burial expenses amounting in all to the sum of $4,520. Thereafter, on August 11, 1930, the plaintiff made application for increased compensation pursuant to the provisions of sec. 102.09 (5) (h), Stats. 1929, which, so far as material to this controversy, provided as follows:

"Where injury is caused by the failure of the employer to comply with any statute of the state or any lawful order of the Industrial Commission, compensation and death benefits as provided in sections 102.03 to 102.34, inclusive, shall be increased fifteen per cent."

At the time of the accident, order No. 1228 of the State Electrical Code had been duly promulgated by the Industrial Commission and was in force and effect. So much of said order as requires consideration is as follows:

(a) *General.* Conductors shall be so arranged and maintained as to hamper and endanger firemen as little as possible in the performance of their duties.

(b) *Ladder space.* Where buildings exceed 3 stories or 50 feet in height overhead lines shall be arranged where practicable so that a clear space or zone at least 6 feet wide will be left either adjacent to the building or beginning not over 8 feet from the building to facilitate the raising of ladders. . . .

(d) *Clearance of lines of more than 7,500 volts.* Conductors operating at voltages exceeding 7,500 volts (unless in grounded conduit or metal-sheathed cable or otherwise rendered inaccessible) shall be carried at such height and distance from buildings as not to interfere with firemen in event of fire. If within 25 feet of a building they shall be carried at a height not less than that of the front cornice. The height shall be greater than that of the cornice as the wires come nearer to the building in accordance with the following table:

| Distance of wire from building. | Elevation of wire above cornice of building. |
|---|---|
| Feet 25 | Feet 0 |

The petition for increased compensation alleged upon information and belief that Kopschinski "was grossly negligent in the conduct of his business and the surrounding conditions under which he required the said deceased to discharge his duties as an employee, and was guilty of a violation of certain safety orders promulgated by the Industrial Commission of Wisconsin and in force at the time

of said injury and death, and as a result thereof is personally liable for additional compensation as a result of such negligence and violation of said safety orders."

Upon the hearings before the commission and the circuit court no contention seems to have been made that any order of the Industrial Commission, other than order No. 1228 hereinbefore mentioned, had been violated. It is very clear that both before the commission and the court the applicant based her claim for increased compensation upon a violation of said order. In this court, apparently for the first time, the plaintiff contends that if she is not entitled to increased compensation by virtue of the violation of order No. 1228, she is entitled to increased compensation because Kopschinski did not furnish a safe place of employment.

It is clear that the primary purpose of sec. 102.09 (5) (h) is to penalize an employer who has failed to comply with a statute or lawful order of the Industrial Commission. This conclusion is obvious when the provisions of sec. 102.09 (8) are considered. That section provides in substance that in case of liability for increased compensation or death benefits under par. (h) of sub. (5), liability of the employer shall·be primary and that of the insurance carrier secondary; that the commission shall set forth in its award that order of liability; that execution shall not be issued against the insurance carrier until execution has first been issued against the employer and payment unsatisfied as to any part thereof, and that any provision in any insurance policy undertaking to guarantee primary liability for increased compensation shall be void.

The commission, after reciting that the only question at issue was whether or not the applicant is entitled to increased death benefit by reason of a failure of the employer to comply with order No. 1228, found that said order does not cover the situation as it existed in this case and that the

injury did not arise because of any failure on the part of the respondent to comply with said order.

The circuit court affirmed the order of the commission on the theory (1) that order No. 1228 was promulgated for the benefit of firemen only, and since Fritschler was not one of that class his widow could not benefit thereby and recover increased compensation because of a failure to comply therewith, and (2) that the order is a punitory regulation and as such must be strictly construed, and before increased compensation can be imposed there must first be found to exist a duty upon the person upon whom the penalty is imposed for the violation of which the applicant has a right to complain. While we think the conclusion of the court that order No. 1228 may never apply to any one except a fireman or a member of that class is rather too broad, we are of the opinion that the court was right in concluding that in this case and the situation which existed herein, Kopschinski the employer should not be penalized for a condition which he did not create, over which he had no control, which he himself had no authority to alter or correct, and for which he could not have been successfully subjected to a forfeiture under the provisions of sec. 101.28, Stats. 1929.

In *Cream City F. Co. v. Industrial Comm.* 188 Wis. 648, 206 N. W. 875, which involved an award of increased compensation because of failure to comply with one of the commission's orders, it was said:

"Sec. 101.28 subjects employers who violate the lawful orders of the Industrial Commission to a forfeiture of not less than $10 nor more than $100 for each such offense. Does the evidence in this case show a violation of the order which would subject the employer to the penalty of this statute? Plainly, it does not. The employer had punctiliously complied with the terms of this order. It had provided portable electric lights for use in every department and equipped in exactly the manner prescribed by the order.

Upon the evidence in this case it could not have been subjected to the penalty provided by sec. 101.28. If it could not have been subjected to the penalty of sec. 101.28 it must follow that it could not be subjected to the penalty prescribed by sub. (5) (h), sec. 102.09."

The foregoing decision which construed the penalty provision of the compensation act seems clearly to hold that a penalty may be imposed only in such cases as involve a failure of the employer to comply with a statute or lawful order of the commission for which he might properly be subjected to a forfeiture brought by separate action to recover it.

Whether or not sec. 101.06, generally known as the "safe-place" statute, is one which, if violated, would properly subject an employer to the increased compensation provided by sec. 102.09 (5) (h), in the absence of an incidental violation of some other statute or lawful order of the commission, we do not at this time decide. No such question is properly before us. The appellant at the hearings both before the commission and the court did not rely upon any violation of the "safe-place" statute. The commission made no finding with respect to such violation. In the court below no motion was made by appellant to remand the record so as to permit the commission to make further findings with respect to a possible violation of the "safe-place" statute. In the absence of such a finding there can be no imposition of increased compensation on such ground. *Karges v. Industrial Comm.* 166 Wis. 69, 162 N. W. 482.

*By the Court.*—Judgment affirmed.