KUCKSDORF, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.*

*March 11—April 12, 1949.*

*Ken Traeger* of Gresham, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   It is the contention of the appellant that where a sawmill operator has a guard that the Industrial Commission has O.K.'d as satisfactory and where after he had built a new mill and so advised the commission and requested them in writing to make an inspection, it is unreasonable on the part of the commission to find and hold that the guard as approved by the representative of the commission on the prior inspection is now inadequate because a new type guard or slasher swing saw of which the employer had no knowledge, was available.

We fail to find in the record any evidence that the particular type of guard used by the employer had been inspected and approved by a representative of the commission.

The employer testified that this same slasher saw was used in a shingle mill prior to the time that it was set up in the lath mill, and that it operated the same in the lath mill as it did

PROPOSED GUARD FOR
OVERHEAD SWING SAW
FOR THICK MATERIAL.

INDUSTRIAL COMMISSION OF WISCONSIN

5-15-46    R.McA.K.

SAW FORWARD -
GUARD DOWN.

SAW BACK -
GUARD UP.

Enclosure
for Saw when
in back
position.

Note - This is a revision of sketch issued 9-4-44.

in the shingle mill except that there was a new frame on it. The employer was then asked this question:

"*Q.* While it was in the shingle mill was that saw inspected by the commission? *A.* Yes, sir.

"*Q.* And they passed it as O.K. at that time? *A.* There was nothing said about it.

"*Q.* Nothing said? *A.* No."

The employer further testified that after the slasher saw was put up at the lath mill he notified the commission and asked that an inspection be made but that no one came.

It is considered that this testimony does not establish that the machine in question was inspected and approved by the commission some fifteen or sixteen months prior to the time of the accident while it was still in the shingle mill.

The employer next contends that because there has been no guard devised for a slasher saw which at all times covers the entire saw disc above the table it is unreasonable and beyond the power of the commission to so order. The argument is based upon the proposition that when the saw is back the guard is up, and therefore the saw is not guarded at all times. This contention can better be understood by reference to the cut printed herewith. From an inspection of this drawing it would appear that when the guard is up and the saw is back the block to be cut, or being cut, protects from saw edge. As the saw advances the guard comes down. It is clear that if the device as illustrated had been used that the claimant, as the examiner found, could not have been injured.

It appears from the evidence that the claimant in operating the swing saw ordinarily pulled the saw forward by the use of his left hand, holding the bolt against the back of the frame with his right hand. When the claimant was making the cut at which he was injured he held the bolt with his left hand and pulled the saw forward with his right hand. The saw threw the bolt around, turning the claimant partially around, and causing his left forearm to come in contact with the saw, so that the second contention cannot be sustained. While it is alleged that this type of guard cannot be used on a slasher swing saw there is no evidence offered in support of that statement and the commission found to the contrary.

It is next contended that the new type of swing guard would open wider and permit the applicant to do exactly what he did at the time of the injury. This has already been dealt with in response to the second contention. This results in an affirmance of the order.

*By the Court.*—The judgment appealed from is affirmed.

The following memorandum was filed June 7, 1949:

PER CURIAM. (*on motion for rehearing*). The plaintiff in this case moved for a rehearing and filed a brief in support of the motion. Matter contained in the brief offends Rule 50 for the reason that statements and allegations contained therein are disrespectful to the court and constitute an unwarranted attack upon the integrity of public officers of the state.

It is ordered that because of the matter contained therein the brief be and the same is hereby stricken from the files of the court, with $25 costs. Motion denied.