HIPKE, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 8—March 4, 1952.*

For the appellant there were briefs by *Gold & McCann* of Milwaukee, and oral argument by *William R. Gold.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

GEHL, J. Appellant complains that the commission's "findings of fact" do not comply with the requirements of sec. 102.18 (1), Stats., which direct:

"After final hearing the commission shall make and file its findings upon all the facts involved in the controversy, . . ."

He submits that specific findings should have been made relating to exits, the procedure of blowing the pits, and other matters with respect to which he claimed the defendant had violated either safety orders or statute. He contends that the findings, as set forth above, are merely conclusions of law.

In *Tesch v. Industrial Comm.* (1930), 200 Wis. 616, 621, 229 N. W. 194, we said:

"We do not say that formal findings such as should be filed by a circuit judge in cases tried by the court are required. There should be at least an informal recital of the facts which the commission finds to be established. For some years a document designated a memorandum accompanied the so-called findings of fact. That answered the requirements very well in most cases."

There is such a memorandum in the present case. It states the facts of the accident; it deals with the specific orders

which the appellant deemed applicable and states why they are not. We consider that the memorandum and findings filed by the commission are an adequate compliance with sec. 102.18, Stats.

Recovery is permitted by the provisions of sec. 102.57, Stats., only in such cases as involve a failure of the employer to comply with a statute or lawful order of the commission. *Cream City F. Co. v. Industrial Comm.* (1926), 188 Wis. 648, 206 N. W. 875. *Bentley Bros., Inc. v. Industrial Comm.* (1928), 194 Wis. 610, 217 N. W. 316. Whether there has been such failure presents an issue of fact for the commission, *Eau Claire Sand & Gravel Co. v. Cleveland* (1921), 173 Wis. 561, 181 N. W. 718, whose findings are conclusive if supported by any credible evidence, *Wisconsin Labor R. Board v. Fred Rueping L. Co.* (1938), 228 Wis. 473, 279 N. W. 673, *Burt Brothers v. Industrial Comm.* (1949), 255 Wis. 488, 39 N. W. (2d) 388, as are its logical inferences from undisputed facts. *Scandrett v. Industrial Comm.* (1940), 235 Wis. 1, 291 N. W. 845.

We have held that in the trial of a civil action for recovery on account of violation of the safe-place statute the question whether there has been a violation is for the jury. *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922. The same rule is applicable when the issue is presented to the Industrial Commission—its action is the determination of an issue of fact, as it is also when the violation of its safety orders is charged. And if there is no dispute in the testimony a question of fact is presented if different inferences may be drawn, or "if something more than the application of a rule of law is required in order to reach a final conclusion." *Eckhardt v. Industrial Comm.* (1943), 242 Wis. 325, 329, 7 N. W. (2d) 841. *Ebner v. Industrial Comm.* (1948), 252 Wis. 199, 31 N. W. (2d) 172.

It was the claimant's burden to establish that the statutes or orders, or one of them, were violated. *Skelly v. Industrial Comm.* (1949), 254 Wis. 315, 36 N. W. (2d) 58. We do

not consider that the commission was in error in concluding that he had failed to meet the burden. Two stairways were provided for the exit of employees from the passageway. It is not claimed that the doors to the ports if properly closed, as they customarily were, were inadequate to prevent the escape of material from the pits. Claimant himself testified that when they were closed he "felt safe in there." While it is in no sense controlling, the commission was permitted to consider the testimony of the employer's general superintendent that the method used in filling the pits was standard practice in the industry. *Marsh Wood Products Co. v. Babcock & Wilcox Co.* (1932), 207 Wis. 209, 240 N. W. 392.

In a number of cases this court, in dealing with similar situations, has given consideration to inspections and recommendations made by representatives of the commission. *Milwaukee Corrugating Co. v. Industrial Comm.* (1928), 197 Wis. 414, 222 N. W. 251; *Wenzel & Henoch Const. Co. v. Industrial Comm.* (1930), 202 Wis. 595, 233 N. W. 777; *Robert A. Johnston Co. v. Industrial Comm.* (1943), 242 Wis. 299, 7 N. W. (2d) 854; *Kucksdorf v. Industrial Comm.* (1949), 254 Wis. 570, 36 N. W. (2d) 678. It was, therefore, proper for the commission to consider the testimony that there had been periodic inspections of the employer's plant by the commission and that no recommendations or suggestions for changes had been made. It is quite likely that the commission considered the testimony of the employer's maintenance engineer that "it would be quite a problem to close those doors [the ports] mechanically." If a mechanical device for the operation of the doors were provided the intervention of the act of some person to set the device in motion would still be required, and the person charged with that duty would be just as likely to forget his obligation as was the fellow employee in this case.

We are unable to say that there is no credible evidence to support the commission's finding that there was no viola-

tion of the orders or the statutes. The claimant has called attention to nothing in the record which would permit us, as a matter of law, to determine that the passageway occupied by him was inadequate; that the stairways provided for his exit, one of them only a few feet from the place at which he was injured, were not located so as to afford him the best possible egress; that exits were not so distributed so as to afford the best possible egress, or that the place was not as free from danger as its nature would reasonably permit.

The claimant suggests a number of additions and changes which might have been made in the premises to render them more safe. The argument that that fact indicates that the employer violated the safe-place statute might be made in any case. We are unable to conceive any structure, safe as it might be considered to be, which could not be made more safe. To hold that the possibility that a safe structure or instrument might be made more safe requires the conclusion that there has been a violation would be to make the owner or employer an insurer. Certainly in the application of a penal statute such as we have here to deal with, we may not go that far. As said by the learned trial judge, "the law of Wisconsin does not *guarantee* safety. All that is demanded is adherence to the 'rule of reason.' "

After the accident the employer installed an iron stairway at each end of the corridor and claimant contends that because the new installations would reduce if not obviate the danger, it follows that his injuries were sustained by reason of the violation of the safe-place statute. Evidence of alterations made after the accident may be considered by the trier, but it is no more than evidence to be considered with other facts, *Heiden v. Milwaukee* (1937), 226 Wis. 92, 275 N. W. 922, and is not controlling.

*By the Court.*—Judgment affirmed.

BROWN, J., took no part.