WISCONSIN BRIDGE & IRON COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.*

*November 11—December 7, 1954.*

* Motion for rehearing denied, without costs, on April 5, 1955.

For the appellants there was a brief by *Fred R. Wright* and *Gold & McCann,* all of Milwaukee, and oral argument by *Ray T. McCann.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Alan Bentley there was a brief by *Padway, Goldberg & Previant* of Milwaukee, and oral argument by *Albert J. Goldberg.*

MARTIN, J. Appellants challenge the validity of Safety Order No. 3534 as setting a standard stricter than that authorized by statute.

In sec. 101.06, Stats., the legislature has defined the employer's duty as follows:

"Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters. . . ."

Sec. 101.01 (11), Stats., provides:

"The term 'safe' or 'safety' as applied to an employment or a place of employment or a public building, shall mean such freedom from danger to the life, health, safety, or welfare of employees or frequenters, or the public, or tenants, or firemen, and such reasonable means of notification, egress, and escape in case of fire, and such freedom from danger to adjacent buildings or other property, as the nature of the employment, place of employment, or public building, will reasonably permit."

The rule-making power of the Industrial Commission is conferred by sec. 101.10, Stats., which provides, among other things, that the commission is authorized:

"(3) To investigate, ascertain, declare, and prescribe what safety devices, safeguards, or other means or methods of protection are best adapted to render the employees of every employment and place of employment and frequenters of very place of employment safe, and to protect their welfare as required by law or lawful orders. . . .

"(4) To ascertain and fix such reasonable standards and to prescribe, modify, and enforce such reasonable orders for the adoption of safety devices, safeguards, and other means or methods of protection to be as nearly uniform as possible, as may be necessary to carry out all laws and lawful orders relative to the protection of the life, health, safety, and welfare of employees in employments and places of employment or frequenters of places of employment.

"(5) To ascertain, fix, and order such reasonable standards, rules, or regulations for the construction, repair, and maintenance of places of employment and public buildings, as shall render them safe."

Appellants contend that the order in question, by prohibiting an employer from permitting his workmen to work on slippery surfaces unless they are made nonslippery by cleaning, sprinkling with sand, or in some other effective way, imposes the absolute duty to comply with a higher standard than that required under the statute.

Respondents cite a number of cases where this court upheld the validity of safety orders requiring overhead cranes, large pulleys, horizontal feed rolls, and circular saws, etc., to be guarded or covered, even though such orders contained no "reasonableness" provision.

The guarding or furnishing of safety devices for dangerous machines tends to lessen the danger of a machine or operation which is necessary to the employment, and in such instances

we have agreed with the respondents' position that the imposition of the absolute duty to afford certain safety appliances is not in excess of the commission's authority.

In the instant case the use of the flooring in question was necessary to the employment. Respondents admit that Order No. 3534 restrains the employer from permitting his men to work on such a flooring unless its surface is rendered nonslippery. A similar order applied to saws, pulleys, wheels, scaffolding, etc., would abolish their use, regardless of their necessity in the employment.

The trial court compares the order here to an order to provide goggles, which is absolute, not merely an admonition to supply goggles where reasonable. Goggles are a safety device, a reasonable protection against an existing and necessary danger. The comparison would be more apt if the order in the instant case required the employer to supply rubbers.

In *Robert A. Johnston Co. v. Industrial Comm.* (1943), 242 Wis. 299, 303, 7 N. W. (2d) 854, this court held invalid that portion of an order which required " 'means provided to insure secure footing [surrounding machines] in so far as the nature of the work will permit.' " The court said:

". . . the use of but the language last quoted, without qualifying the verb 'will permit' by the adverb 'reasonably,' or some synonymous word, renders the order invalid in that the language used is broader in meaning than the language of the statute, which, in requiring every employer to furnish a safe place of employment, 'defines the term "safe," as used in such connection, to mean "such freedom from danger to the life, health, safety, or welfare of employees . . . as the nature of the employment, or place of employment . . . will *reasonably* permit." Sec. 101.01 (11).' "

The order was objectionable because the word "reasonably" was not used to qualify the phrase "in so far as the nature of the work will permit." In the order here there is likewise no "reasonableness" provision; neither is there any

reference to the nature of the work or the place of employment as considerations in rendering floor surfaces nonslippery. It is apparent that the mere fact that an employee slips on a floor would establish a *prima facie* violation of the order. That portion of the order which is here involved is thus invalid as imposing upon an employer a greater duty than that imposed by statute to provide a place of employment as free from danger to his employees as the nature of the employment and the place of employment will reasonably permit. See also *Bentley Bros., Inc., v. Industrial Comm.* (1928), 194 Wis. 610, 217 N. W. 316; *Wenzel & Henoch Const. Co. v. Industrial Comm.* (1930), 202 Wis. 595, 233 N. W. 777.

In view of our decision on the above question it is unnecessary to decide whether the applicant's employer had control over and authority to correct the condition upon which the penalty was based.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment in accordance with this opinion.

The following dissent was filed April 5, 1955:

FAIRCHILD, C. J. (*dissent on denial of motion for rehearing*). A restudy of the case upon motion for rehearing has caused me to question whether the Safety Order No. 3534 under review may not be valid.

The question is: Does an Industrial Commission safety order forbidding workmen to work on certain slippery surfaces, unless they are made nonslippery in some effective way, exceed the commission's authority?

The order reads:

"No workman shall be permitted to work on the surface of any structural member, floor, or other working platform

which becomes slippery from ice, snow, frost, painting, or other cause, unless such surface is cleaned, sprinkled with sand, or made nonslippery in some other effective way."

I would grant a rehearing on two points: (1) The impact of that order upon the provisions of sec. 101.28, Stats., and (2) the failure of the commission to employ specific wording covering a reasonableness provision.

The commission cannot by order require greater safety generally than that included within the intent and purposes outlined in the safe-place statute (sec. 101.10 (3)). I am of the opinion that in the decision of the case due weight was not given to the principles governing construction of regulations. If a general order is open to two constructions, one of which will render it void, and the other of which will make it valid, that construction which will save it from condemnation and accomplish the purpose is to be adopted in preference to that which will render it void. *Peterson v. Widule,* 157 Wis. 641, 147 N. W. 966; *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270.

It is my opinion that a rehearing should have been granted. I am authorized to state that Mr. Justice CURRIE joins in this dissent.