CONNOR LUMBER & LAND COMPANY, Appellant, v. INDUSTRIAL COMMISSION and another, Respondents.

*December 5, 1958—January 2, 1959.*

172

For the appellant there was a brief by *Graves, Chambers & Nash* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

CURRIE, J.  The commission found that the manner in which the platform was constructed by the plaintiff employer violated Safety Orders Nos. 5120 and 5324, now 3 Wis.

Adm. Code, secs. Ind 51.20 and 53.24. The material portions of such sec. Ind 51.20 which is entitled *"Fire Escapes,"* read as follows:

"(3) Design and Fabrication. Each part of every fire escape (except counterweights for balanced stairways) shall be designed and constructed to carry a live load of 100 pounds per square foot of horizontal area over the entire fire escape. Each part of every fire escape shall be designed and constructed in accordance with the requirements of section Ind 53.24, except that the unit stresses therein specified shall be reduced by one fourth. . . .

"(a) No other material than wrought iron, soft steel, or medium steel shall be used for any part of a fire escape, except for weights, separators, and ornaments. No bar material less than one-fourth inch thick shall be used in the construction of any fire escape, except for separators, ornaments, structural shapes over three inches and rigidly built-up treads and platforms of approved design. In the fabrication of a fire escape, all connections or joints shall be made by riveting, bolting, or welding in an approved manner. All bolts or rivets, except for ornamental work, shall be not less than three-eighth inch in diameter."

3 Wis. Adm. Code, sec. Ind 53.24, specifies the requirements which structural steel must meet when its use is specified in the building code promulgated by the Industrial Commission, of which 3 Wis. Adm. Code, sec. Ind 51.20, is a part. The safety engineer of the commission, who made an inspection of the plaintiff's Laona mill premises following the accident, testified that under such two safety orders the platform would have been required to have been constructed of metal and bolted to the building.

The plaintiff advances the following contentions on this appeal:

(1) The platform was not defined or classified as a fire escape under any statute or order of the commission.

(2) The plaintiff should be relieved from the penalty of being required to pay increased workmen's compensation

benefits in this because an inspector for the commission had acquiesced in the manner of construction of the platform.

(3) The circumstances of the injury to the plaintiff bore no causal relation to the purpose for which Safety Order No. 5120 was promulgated by the commission.

The plaintiff grounds its first contention upon the fact that Safety Order No. 5402 (now 3 Wis. Adm. Code sec. Ind 54.02) only required the second story of the mill to have two exits, and Safety Order No. 5403 (now 3 Wis. Adm. Code, sec. Ind 54.03) permitted one of such two exits to be a fire escape, but provided that an outside wooden stairway might be used instead. The record is silent as to how many exits other than the platform and ladder in question had been provided for the second story of the mill. From this the plaintiff argues the platform might thus have been an auxiliary exit not required under Safety Order No. 5402, and therefore it was not a fire escape.

We deem it to be wholly immaterial whether the plaintiff had provided two or more exits, in addition to the platform and ladder in question, for the second floor of the building, which other exits did comply with Safety Order No. 5403 in their nature and construction. The platform and ladder in question were provided by the plaintiff employer as an exit to be used by the employees in case of emergency. Clearly it was not an outside wooden stairway but was in the nature of a fire escape. An employee in case of a fire or other emergency had the right to use it as such even though there had been another fire escape or outside stairway leading from the second story which had been constructed in accordance with the safety orders of the commission.

It is our conclusion that any outside emergency exit from the second story of the building which is not an outside wooden stairway, must be deemed to be a fire escape.

The plaintiff's executive, Ford, testified that in the summer of 1948 a representative of the commission inspected

the mill, and the platform in question was pointed out to him. Such representative made no objection thereto, thus tacitly approving its method of construction. However, failure of the commission's employees to notice the violations of safety orders does not constitute legal authorization to ignore such orders.

On this issue of failure of the commission's inspector to note an objection to the construction of the platform the plaintiff quotes the following extract from this court's opinion in *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 232, 52 N. W. (2d) 401:

> "In a number of cases this court, in dealing with similar situations, has given consideration to inspections and recommendations made by representatives of the commission. *Milwaukee Corrugating Co. v. Industrial Comm.* (1928), 197 Wis. 414, 222 N. W. 251; *Wenzel & Henoch Const. Co. v. Industrial Comm.* (1930), 202 Wis. 595, 233 N. W. 777; *Robert A. Johnston Co. v. Industrial Comm.* (1943), 242 Wis. 299, 7 N. W. (2d) 854; *Kucksdorf v. Industrial Comm.* (1949), 254 Wis. 570, 36 N. W. (2d) 678. It was, therefore, proper for the commission to consider the testimony that there had been periodic inspections of the employer's plant by the commission and that no recommendations or suggestions for changes had been made."

The question at issue in the *Hipke Case* was whether there had been a violation of a safety order. In the instant case there is no question but that a violation of Safety Order No. 5120 did occur. Neither the commission nor any of its employees has any statutory power to waive such a violation.

The plaintiff contends that there was no causation between the violation of Safety Order No. 5120 and the accident because the employee Bristol was not using the platform as an exit in case of an emergency at the time it gave way. It is argued that sec. 102.57, Stats., which imposes the 15 per cent penalty for violation of a safety order, should not apply to a situation where the injury to the employee was not such

as the violated safety order was intended to prevent. The plaintiff bases such contention upon the following statement appearing in *Wisconsin Bridge & Iron Co. v. Industrial Comm.* (1956), 273 Wis. 266, 271, 77 N. W. (2d) 413:

"Respondents also cite the rule of *Umnus v. Wisconsin Public Service Corp.* (1952), 260 Wis. 433, 51 N. W. (2d) 42, and other cases holding that the causal connection between injury and violation of a safety order may be presumed where the injury is such as the order is intended to prevent."

It is urged that the converse of such rule should be applied where the injury is not such as the violated safety order was intended to prevent. However, the commission invoked no presumption of causation in the instant case. The commission's engineer, who investigated the accident, including the construction of the platform that gave way, testified that the accident would not have happened if Safety Order No. 5120 had been complied with. Such compliance would have required that the platform be made of metal and bolted, not nailed, to the building. Upon such testimony the examiner specifically found that if the platform had been so constructed the injury to Bristol would not have occurred. Such finding of fact was affirmed by the commission. Because it is supported by credible evidence it is conclusive upon this court. We consider it to be wholly immaterial that at the time of injury Bristol was not using the platform as an exit in an emergency inasmuch as he was using it for another purpose incidental to his employment.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.