L. M. BICKETT COMPANY, Appellant, v. INDUSTRIAL COM-MISSION and others, Respondents.*

*April 5—May 3, 1960.*

* Motion for rehearing denied, with $25 costs, on June 28, 1960.

For the appellant there was a brief and oral argument by *Charles E. Kading* of Watertown.

For the respondent Industrial Commission the cause was argued by *John H. Bowers,* assistant attorney general, with whom on the brief were *John W. Reynolds,* attorney general, and *Mortimer Levitan,* assistant attorney general.

BROADFOOT, J.  The claimant was injured on February 7, 1957, while in the course of his employment for the employer. He was engaged in the operation of a two-roller Vaughn rubber-mixing mill. The record does not contain a complete description of the operation of the mill. Apparently in the first process, compounds are put in a tray at the front of the machine where they are mixed, and later formed into flat slabs of rubber compound by means of the two rollers.

Just prior to his injury the employee was working from the rear of the machine and feeding slabs of cold rubber into the rolls. The employee described the slabs as being about three-fourths inch thick, 18 inches wide and four or five feet long. He stated that his left hand got caught in a hole in the rubber slab and was pulled into the rolls. In trying to extricate himself he also got his right hand caught in the rolls. There were no fixed guards in front of the rolls. There was a trip bar extending the full width of the rolls at the front or south side of the machine but not at the back of the machine. When the trip bar was pulled down the machine would stop. On the north side of the mill there was no trip bar but there were knobs at each end of the machine opposite the trip bar that acted as counterweights for the trip bar. The mill could be stopped quickly by pushing up on one of the knobs.

The employee testified that when his left hand was caught in the rolls he could not reach one of the counterweights, and while standing on the floor he could not reach the safety bar on the other side of the mill. Following the injury a trip bar extending the full width of the rolls was installed at the rear of the machine.

The employer contends that the examiner was the real trier of the fact and his findings should not be disturbed if there is credible evidence to support them, because the examiner had the opportunity to see the witnesses on the stand and thus to be in a position to pass upon their credibility and the weight to be given to their testimony; also, that the find-

ings and conclusions of the commission should not be binding on a reviewing court unless there is evidence in support of them which meets proper tests.

The employee was not a perfect witness and his story was not always consistent, but in many respects there is no dispute as to the facts. He was injured while working at the rear of the machine, while feeding rubber slabs into the rolls, and he did get both hands in the machine. Whether or not the mill was equipped in compliance with the safety order is a question of fact that does not depend wholly upon the testimony of the claimant. That issue presented a question of fact for the commission to resolve.

The employer introduced testimony to the effect that the mill was a standard type used in the industry in the making of rubber products; that its factory and the mill had been checked by inspectors for the commission without any direction to install a more-adequate quick-stopping device at the rear of the mill and that a safety engineer for its workmen's compensation carrier had also made inspections without suggesting any changes. However, the commission had before it the fact that a safety bar had been installed after the injury across the rear of the machine, and that was evidence that could be considered by the commission. *Hipke v. Industrial Comm.* 261 Wis. 226, 52 N. W. (2d) 401.

It is evident from the record that the knobs at the extreme outer edges of the machine above the rolls were not installed as quick-stopping devices but were counterweights to hold the safety bar across the front of the mill in position. They would serve as a stopping device if the rolls became clogged with rubber slabs but they were not readily available to an employee whose hand or hands were caught in the rolls. Failure of a commission employee to notice a violation of a safety order does not constitute legal authorization to ignore such an order. *Connor Lumber & Land Co. v. Industrial Comm.* 6 Wis. (2d) 171, 94 N. W. (2d) 145. The injury

to the employee was one which the order was designed to prevent. The causal connection between the injury and the violation of the safety order therefore is presumed. *Van Pool v. Industrial Comm.* 267 Wis. 292, 64 N. W. (2d) 813.

We have carefully checked the entire record, and the findings and order of the commission are supported by substantial credible evidence in view of the entire record, and the circuit court was correct in confirming the finding and interlocutory order.

*By the Court.*—Judgment affirmed.

* Motion for rehearing denied, with $25 costs, on June 28, 1960.