EBNER, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 16—February 17, 1948.*

L. A. *Tarrell* of Milwaukee, for the appellant.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents Oscar Brummeyer and Employers Mutual Liability Insurance Company there was a brief by *Bloomquist & Iding* of Milwaukee, and oral argument by *J. A. Bloomquist.*

FRITZ, J.   The injury, on account of which John Ebner made his application to the Industrial Commission for the payment of workmen's compensation by Oscar Brummeyer, was sustained by Ebner on February 28, 1946, while engaged in performing a contract to do a certain job of plastering for Brummeyer, which he had agreed to perform under a contract with another person.   In proceedings pursuant to Ebner's application an examiner of the Industrial Commission found and concluded that Ebner was for some time prior to February 28, 1946, a plastering contractor, and held himself out to the public as such contractor; that as such he was an employer subject to the Wisconsin Workmen's Compensation Act and had insured his liability thereunder for the payment of workmen's compensation to his employees with a casualty insurance company; that on February 28, 1946, Ebner was performing work as a plastering contractor for Oscar Brummeyer, who also was such a contractor, and in performing said work Ebner used also his own employees and equipment on the job and was not subject to control by Brummeyer; that Ebner could perform the work as he determined it should be done, and Brummeyer did not exercise any control over the details thereof; and that therefore at the time of his injury Ebner was an independent contractor, and not an employee.   Upon Ebner's petition for a review, the examiner's findings and order were affirmed by the Industrial Commission; and upon Ebner's appeal therefrom to the circuit court, the commission's findings and order dismissing Ebner's application for compensation were confirmed by the circuit court's judgment from which he then appealed.   He contends here that the record does not sustain the examiner's and the commission's finding that at the time of his injury he was an independent contractor and not an employee; but that, on the contrary, the facts present a picture of a plasterer-contractor hiring another plasterer to assist him in his work, and therefore a relationship of employee and employer existed between Ebner and Brummeyer.

Ebner's contention cannot be sustained. Whether, under the facts and circumstances established herein by evidence as to which there is no dispute in any material respect, Ebner was working as an employee or as an independent contractor at the time of his injury depends in this case largely on the facts proven in respect to the issue as to who had the right to control the details of this work. Here there is applicable again, as we stated in *Hume v. Industrial Comm.* 248 Wis. 5, 8, 20 N. W. (2d) 573,—

"The principal test for determining the relationship, whether Pelkey was an employee of Hume or an independent contractor, is who had the right to control the details of the work."

When, as here, there is evidence which the commission can consider credible and sufficient to warrant finding that Ebner had the right to control the details of his work while engaged in doing the plastering job in question, the commission's finding that he was not an employee at the time of the injury may not be disturbed on an appeal. As we said, in relation to the applicant for compensation under analogous circumstances in *Plencner v. Industrial Comm.* 249 Wis. 370, 374, 375, 24 N. W. (2d) 669,—

"If there is any evidence that Plencner had the right to control the details of his work while repairing this sewer the commission's finding that he was not an employee at the time of the alleged injury is conclusive. [Citations.] Whether Plencner was an employee or an independent contractor is a question of fact under all the evidence, to be determined by the commission, and we consider there is credible evidence to sustain the commission in holding that Plencner was an independent contractor."

And if the facts are not in dispute, but permit of drawing a different inference therefrom, a question of fact and not a question of law is presented and the commission's finding thereon will be sustained. *Eckhardt v. Industrial Comm.* 242 Wis. 325,

329, 7 N. W. (2d) 841; *Green Valley Co-op. Dairy Co. v. Industrial Comm.* 250 Wis. 502, 27 N. W. (2d) 454.

Briefly stated, the principal facts warranting the commission's findings and order are the following:

At and prior to the times involved herein, Ebner was a plasterer-contractor, and held himself out to the public as such, and was carrying workmen's compensation insurance as coverage for the workmen who were then in his employment. When Brummeyer, who likewise was a plasterer-contractor, had too much work he would turn some of the jobs over to Ebner, who in performing them would use some of his own employees and equipment, including his truck and gasoline; and Brummeyer would pay him therefor a lump sum determined primarily on the cost, and 5 or 10 per cent more so that on some of the jobs he got what a journeyman would make and on some he got more. In respect to the job on which Ebner was injured, Brummeyer had contracted to plaster an upper flat and then asked Ebner to do the job; and in doing so Ebner used his own employees and equipment, and did the work without supervision or control by Brummeyer. Brummeyer testified that when he asked Ebner to do the job, "the only thing that I said to John, there is an upper flat there. That is as far as it went. When he got there he knew as much about it as I did what to do." Brummeyer had no contract with him except only to say "John, there is some work over to that house, you go over there and do it." Brummeyer did not tell Ebner how many hours he had to put in in a day, what time he should start work in the morning, when he should quit, or when he should go to lunch. Ebner was on his own. "It was merely an accident if I stopped in where he was working on one of my jobs. I had to be in the neighborhood; otherwise I never even saw some of the jobs he done, you know. . . . He didn't have to ask me." Ebner testified that the only instruction he got from Brummeyer was "Plaster that upper flat. . . . I used his material. I used some of my boxes. . . . Brummeyer did not come over there. This arrangement was similar to others I had with Mr. Brummeyer. . . . I just went to work when he said 'help me out' on a certain job I went over there and worked at the job. . . . He didn't watch me do the job. . . . I had similar jobs with Mr. Brummeyer before February 28th, when I was injured. I used my truck; I used

my gasoline; I used some of my equipment and he gave me more pay. I do not know whether it was 10 per cent or 5 per cent. We still have to go over and figure the job. The amount of money I got on any jobs I did for Brummeyer was never the same. Some of them I got just wages what a jour- neyman makes and some of them I got compensated for my truck." There was no arrangement that Ebner was ever to or did report how much time he put in on a job.

Evidently the amount Ebner was to receive was not depend- ent on the amount of time spent or the amount of work per- formed, as is usually the case in employer-employee relation- ships. *Green Valley Co-op. Dairy Co. v. Industrial Comm., supra.* It was to be a lump sum which more or less represented a division of the profit on the job, but enough to prevent Eb- ner from sustaining any loss.

On the other hand, in addition to the principal test as to whether Ebner had the right to control the details of the work, there was not involved, under the evidence herein, any issue as to such tests as the nature of the business, occupation, place of work, furnishing of tools, the time of employment, or method of payment or right of summary discharge, intent of the par- ties, etc. (*Badger Furniture Co. v. Industrial Comm.* 200 Wis. 127, 227 N. W. 288; *Kolman v. Industrial Comm.* 219 Wis. 139, 141, 262 N. W. 622; *Montello Granite Co. v. Industrial Comm.* 227 Wis. 170, 184, 278 N. W. 391; *Plencner v. Indus- trial Comm. supra; Ronning v. Industrial Comm.* 185 Wis. 384, 390, 200 N. W. 652), because of which there might then have been a determination that Ebner was performing the job in question as an employee of Brummeyer, instead of as an independent contractor.

In relation to Ebner as a skilled plasterer-contractor there was applicable, as there was to Plencner the plumbing contrac- tor in *Plencner v. Industrial Comm., supra* (p. 373), the con- clusion then stated that,—

"Plencner was the skilled workman who knew how to do the work, and when a skilled workman such as a plumber, car-

penter, or electrician is engaged, whether it be a new or repair job, *he is generally considered* an independent contractor unless the intent of the parties to the contract be otherwise."

It follows that the judgment under review must be affirmed.

*By the Court.*—Judgment affirmed.