HANSEN, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*February 9—March 6, 1951.*

For the appellant there were briefs by *Kivett & Kasdorf* of Milwaukee, and oral argument by *Austin W. Kivett*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondents Blackhawk Manufacturing Company and Travelers Insurance Company there was a brief by *Stroud, Stebbins, Wingert & Stroud* of Madison, and oral argument by *Byron H. Stebbins*.

FAIRCHILD, J.    The facts submitted for consideration are that Hansen was an employee of respondent, that his duties were those of a traveling salesman, and while in Nogales, Arizona, in discharge of his duties, at the close of the day he arranged for his dinner. The statute in which the commission must find the guiding regulations for determining whether the appellant was entitled to an award is sec. 102.03 (1) (f), Stats. 1947. Under this section every employee whose employment requires him to travel is to be deemed while so engaged to be performing service growing out of and incidental to his employment. This applies at all times while he is on a trip, and any injury occurring during such employment shall be deemed to arise out of his employment. It would seem to follow that if all that can be learned about the injury from the circumstances and from the testimony of individuals would leave the matter within the realm of speculation, then he must be deemed to be within the scope of his employment. The inference arising from the employment controls unless there is evidence which overpowers that inference. The provision against any unjust claim arises from the exception which is included in the statute providing that

when the traveling salesman is injured during a deviation from his employment for a private or personal purpose, he is not under the protection of the statute. But "acts reasonably necessary for living shall not be regarded as such deviation." The complexities of daily existence undoubtedly prompted the legislation, which plainly is calculated to be an effort to overcome ambiguities and uncertainties likely to arise from words used and from circumstances which prove nothing but are liable to create confusion between the variation of actions which arise between the cessation of positive acts of salesmanship and the acts during the rather passive or indifferent interval between then and the resumption of efforts the following day. The commission was of the opinion, and the circuit court agreed, that "it would be speculative, however, to find that at time of injury he was performing service growing out of and incidental to his employment with the respondent; that it would be speculative to find that the accident causing injury arose out of the employment with the respondent." It may well be that the injury from which the deceased suffered was in its nature independent of his employment, but it occurred while he was traveling for the employer, and unless there is evidence of a deviation "any injury occurring during such employment shall be deemed to arise out of his employment. . . ." The next important provision in the statute is found in the added words "Acts reasonably necessary for living shall not be regarded as such deviation."

The provisions of the statute just referred to keep the salesman within the declared scope of employment while doing the usual, legitimate things incidental to daily existence. During the period of being at ease, upon leaving his last customer, he is not required to seek immediate seclusion in a hotel and remain away from human beings at the risk of being charged with deviating from his employment. Nor is he required to eat his evening meal at the restaurant nearest

to the spot where he takes leave of his last customer on a particular day.

The statute is so framed as to prevent any finding of deviation unless some meaningful manifestation of an intention on the salesman's part to engage voluntarily "in a deviation for a private or personal purpose" is shown to exist. Dining and spending the evening according to a custom ordinarily considered as usual and proper is not a deviation which takes the salesman out of the character of his employment. It cannot be held that evidence exists of deviation if it does no more than show the salesman engaged in proper and customary conduct while living away from home.

There is no evidence as to how or exactly where Hansen was injured nor as to whether it was the result of an assault or an accident. His body, with knees and hands bruised, was found a short distance south of the restaurant where he had dined with friends. It is considered that this is not a showing of facts which would eliminate or overcome the inferences necessarily arising because of the interpretation to be given to the language of the statute. There is no evidence that Hansen had, for the time being, abandoned his employment in favor of a private or personal enterprise so as to constitute a completed deviation. It is considered that the record here is such that the commission was required to give full effect to the statute and to hold that Hansen was within the provisions defining employment, and because his injury occurred during such employment, it is to be deemed to have arisen out of his employment.

The purpose of the Workmen's Compensation Act has often been outlined, and there is little occasion for reviewing or restating it here. There is no evidence that for his private and personal purpose Hansen exposed himself to conditions or dangers not within the expectation of or incidental to usual living while away from home. The distinction between the

facts in this case and those in the case of *Armstrong v. Industrial Comm.* 254 Wis. 174, 35 N. W. (2d) 212, becomes apparent when we recall that Armstrong had declared his intention of making a visit peculiarly his own and was on his way. The case of *State Young Men's C. Asso. v. Industrial Comm.* 235 Wis. 161, 292 N. W. 324, was not under the traveling salesmen's provision of the statutes. There the injured employee was exercising his personal privilege in joining in a game of tennis, disassociated, however, from his duties as counsellor and not within the line of his employment.

And then there is this to be considered: That this particular section giving this broader protection to the traveling salesman was adopted following some cases where slight circumstances were apparently sufficient to show a "deviation from employment." This provision was created by ch. 537, Laws of 1945.

We are of the opinion that the judgment must be reversed and an award be made in favor of appellant.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment setting aside the order denying the award and remanding the record to the Industrial Commission for further proceedings in accordance with this opinion.