SCHMIDLKOFER, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*December 4—December 30, 1953.*

536

For the appellant there was a brief by *Klaprat, Larson & Rogge* of Wausau, and oral argument by *E. E. Klaprat*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

For the respondent John Check there was a brief and oral argument by *Walter A. Graunke* of Wausau.

For the respondents Harold Rebe and Travelers Insurance Company there was a brief by *Stroud, Stebbins, Wingert & Stroud* of Madison, and oral argument by *Byron H. Stebbins.*

FAIRCHILD, J.   It may be conceded as fundamental that where only one inference can reasonably be drawn from undisputed facts a question of law arises under the statute. However, it is true that even "if there is no dispute in the testimony a question of fact is presented if different inferences may be drawn, or 'if something more than the application of a rule of law is required in order to reach a final conclusion.'" *Hipke v. Industrial Comm.* 261 Wis. 226, 231, 52 N. W. (2d) 401; *Gant v. Industrial Comm.* 263 Wis. 64, 56 N. W. (2d) 525. The commission found that the appellant, as well as the other members of the seven-piece orchestra known as "Johnny Check's Orchestra" were jointly and severally independent contractors and not employees of either respondent. The question as to whether the appellant was an employee of the respondent Rebe depends upon who had the right to control the details of the work. If there is any evidence that neither the respondent Check, as leader of the orchestra, nor the respondent Rebe, as the dance-hall operator, had the right to control the details of appellant's work, the commission's finding that he was not an employee at the time of his injury was conclusive. In *Ebner v. Industrial Comm.* 252 Wis. 199, 201, 31 N. W. (2d) 172, we said:

"When, as here, there is evidence which the commission can consider credible and sufficient to warrant finding that Ebner had the right to control the details of his work while engaged in doing the plastering job in question, the commission's finding that he was not an employee at the time of the injury may not be disturbed on an appeal."

In *Plencner v. Industrial Comm.* 249 Wis. 370, 374, 24 N. W. (2d) 669, it was likewise held that:

"If there is any evidence that Plencner had the right to control the details of his work while repairing this sewer the commission's finding that he was not an employee at the time of the alleged injury is conclusive."

The evidence discloses that Rebe entered into a contract signed by himself and Check for an evening's performance of "Johnny Check's Orchestra" at a flat rate for the evening. Rebe knew nothing about how the price was arrived at or how the money was to be divided. He had no right to determine the identity of the musicians of the band, nor did he have any control over the pieces that were to be played. Neither could he dismiss anyone from the band or add anyone to it. He had nothing to do with the transportation of the band to his dance hall.

As to the members of the orchestra, the evidence discloses that the performers customarily considered themselves as their own masters. Each furnished his own instrument and uniform. The selection of the type of uniform was by mutual consent, as was the selection of the programs. On the evening of the accident, when another musician was substituted for appellant, all of the members of the orchestra took part in the decision. Check was merely a delegate by consent of the other members to sign contracts and line up engagements. Thus where each member of the band had an equal voice in the conduct of its affairs, the venture was carried on as a copartnership. From the record it is clear that there is ample credible evidence to sustain the commission's finding that appellant was an independent contractor.

Writings attempting to define the status of parties are important as evidence, but they are not controlling. We said,

in *Nestle's Food Co. v. Industrial Comm.* 205 Wis. 467, 470, 237 N. W. 117: ·

"There are certain characteristics of the relation of an independent contractor and principal that may be found in the relation which exists between employer and employee. In such instances under the Workmen's Compensation Law the writings attempting to define the status of the parties and all the surrounding circumstances must be treated together in order to determine the exact relation which has resulted from the dealings between the parties." See also *Kneeland-McLurg Lumber Co. v. Industrial Comm.* 196 Wis. 402, 220 N. W. 199; *Montello Granite Co. v. Industrial Comm.* 227 Wis. 170, 278 N. W. 391.

In the case of *Bartels v. Birmingham,* 332 U. S. 126, 128, 67 Sup. Ct. 1547, 91 L. Ed. 1947, 172 A. L. R. 317, the court, in considering essentially the same form of contract, held that where dance-hall operators had no actual control over the members of bands, notwithstanding contracts providing that the ballroom operator was the employer and " 'shall at all times have complete control of the services which the employees will render under the specifications of this contract,' " the dance-hall operators were not subject to the employment tax imposed by the Social Security Act. On the basis of authorities cited, we are of the opinion that the written contract was not conclusive as to the relationship between appellant and respondent Rebe. And, as has already been shown, the relation between appellant and respondent Check was that of copartners in a joint adventure. It is, therefore, considered that the commission's findings and conclusions are fully supported, and that the appellant must stand as an independent contractor.

*By the Court.*—Judgment affirmed.