VAN ROY, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*October 10—November 5, 1958.*

418

For the appellant there was a brief by *Duffy, Dewane, Miller & Gerlikowski* of Green Bay, and oral argument by *William J. Duffy.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan* and *Beatrice Lampert*, assistant attorneys general, and oral argument by *Mrs. Lampert.*

For the respondents Brown County and Hardware Mutual Casualty Company there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman.*

CURRIE, J.   The principal issue on this appeal is whether the accident arose out of the employment within the meaning of sec. 102.03 (1) (e), Stats.

The requirement that an accident must arise out of the employment in order to be compensable is common to most workmen's compensation statutes. In fact, the Workmen's Compensation Acts of 41 states and the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 USCA, sec. 901 *et seq.*, contain such requirement. 1 Larson, Law of Workmen's Compensation, p. 41, sec. 6.10. The Colorado court in the case of *University of Denver v. Nemeth* (1953), 127 Colo. 385, 257 Pac. (2d) 423, recently had to wrestle with the problem of whether the injury to an employee injured in a recreational activity of his own arose out of the employment. In seeking a controlling principle or test to apply, the Colorado court in that case came to the following conclusion (127 Colo. at p. 391, 257 Pac. (2d) at p. 426):

"An analysis of the cases indicates that the controlling point is whether, under all of the circumstances, the injury

arose from something which was incident to the employment."

As far back as 1916 the West Virginia supreme court of appeals in *Archibald v. Workmen's Compensation Comm.* 77 W. Va. 448, 451, 87 S. E. 791, 792, L. R. A. 1916D, 1013, declared:

"Such acts as are necessary to the life, comfort, and convenience of the servant, while at work, though strictly personal to himself and not acts of service, are incidental to the service, and injury sustained in the performance thereof, is deemed to have arisen out of the employment."

We start, therefore, with the premise that any accident, which is incidental to any of the activities of the employment, arises out of such employment, and such activities include those personal to the employee which minister to his comfort *while at work.* The past decisions of this court firmly establish that, where the employee is hurt as a result of an accident occurring on the premises of the employer while the employee is engaged in some activity which ministers to his own comfort, the accident arises out of the employment. The difficult cases are those similar to the instant one where the employee is accidentally injured while engaged in such an activity without deduction of pay off the premises of the employer but during his regular hours of employment.

In the instant case the employee, who was hungry, was granted permission by his foreman to go a distance of one mile by automobile in a rural community in which he was employed to get some lunch at a country store. There is no evidence that such lunch could have been procured from any other source nearer the place of employment. Incidentally the foreman asked him to also bring some cigarettes for the foreman but we do not consider that this fact is of any material importance to the issue under consideration.

We deem that the recent case of *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. (2d) 61, 87 N. W. (2d)

875, controls the instant appeal. In that case we held that an accident to an employee, while a passenger in an automobile on his way from his employer's premises to a restaurant to get a cup of coffee, was compensable under our Workmen's Compensation Act. The trip was being undertaken with the consent of the employer and with no deduction in pay. The facts in that case differed from those in the instant case in that the employer was providing the car in which the employee was being transported, while in the instant case Van Roy was driving his own car. However, a reading of the opinion in the *Krause Case* establishes that the holding would have been the same if the employee Krause had not been riding in his employer's car. This clearly appears from the following statement of the controlling principle adopted by the court in that case (3 Wis. (2d) at p. 72) :

"Once an employee has entered into the course of his employment, the test to be applied in determining whether he has removed himself therefrom is that of deviation. In other words, has the employee engaged in some activity of his own which has no relation to his employer's business? An act which ministers to the employee's comfort while on the job is not such deviation because it is incidental to, and not wholly apart from, the employment."

It would be impossible for the Industrial Commission, or this court, to logically hold that drinking a cup of coffee ministers to the comfort of an employee on the job while eating a sandwich does not. Of course, this also is true of a noonday meal eaten at home by an employee during an unpaid lunch period. However, the reason an employee, who is injured in going from or to his place of employment during such an unpaid lunch period, is not entitled to workmen's compensation is because the injury did not occur during the hours of his employment.

In our opinion in the *Krause Case* we pointed out that some courts have denied workmen's compensation to em-

ployees, who are injured while off the premises of the employer during their paid hours of employment for the purpose of securing coffee or some like article which would minister to their comfort on the job, on the ground that such employees were not then under the supervision and control of their employers. We specifically rejected such test of control as not being a proper one to apply in such personal-comfort cases.

The brief in behalf of the employer county and its insurance carrier urges that the test of the employer's control and supervision is a proper one to apply to off-the-premises personal-comfort errand cases. Such brief points out that the factor of supervision and control was stressed by the New York court in *Caporale v. Dept. of Taxation* (1956), 2 App. Div. (2d) 91, 153 N. Y. Supp. (2d) 738, which is one of the cases cited by us in the *Krause Case* opinion as having held that injury to an employee, who was off the premises of her employer on a coffee break, occurred during the course of employment. However, the late New York coffee-break case of *Bodensky & Royaltone, Inc.* (1957), 5 App. Div. (2d) 733, 168 N. Y. Supp. (2d) 908, manifests an attempt to recede from what was said in the *Caporale Case* about such test of supervision and control. The coffee break in the *Bodensky Case* was fifteen minutes in duration and the employees were permitted to leave the employer's premises during such period. The appellants employer and insurance carrier in the *Bodensky Case* stressed the lack of supervision. In commenting on such argument, the court pointed out that, in addition to stressing supervision, the Caporale decision had found that the employee's employment during the coffee break was *"not interrupted."* The court in the *Bodensky Case* also cited the earlier New York case of *Rucker v. Nassau-Beekman Realty Corp.* (1947), 272 App. Div. 982, 73 N. Y. Supp. 275, in which an award of workmen's compensation was affirmed in favor of an elevator operator who was injured while off the premises of the employer during

a twenty minute "relief period." It would be extremely difficult to read into such a situation any supervision by the employer during such period.

Another case cited in the *Bodensky Case* opinion is that of *Redfield v. Boulevard Gardens Housing Corp.* (1957), 4 App. Div. (2d) 906, 907, 167 N. Y. Supp. (2d) 59, 61; leave to appeal denied (1957), 3 N. Y. (2d) 710, wherein it was stated:

"The departure of an employee for a matter of minutes from the premises where he works to satisfy a personal desire, such as to get a cup of coffee or a newspaper, especially when it becomes a custom within the knowledge of the employer should not be held under working conditions as they exist today to constitute a separation from employment."

There was no necessity in the *Krause Case,* nor is there in the instant case, to resort to custom to establish that the absence of the employee from the employer's premises on an errand to promote personal comfort on the job was with the employer's implied consent. In both cases express consent of the employer was given.

The brief of the attorney general sets forth an extract from the opinion of this court in *Kerin v. Industrial Comm.* (1942), 239 Wis. 617, 622, 2 N. W. (2d) 223, as holding that no travel to or from the premises of an employer for meals or the like occurs during the course of employment unless the employer provides the transportation. The material portion of such quotation is as follows:

"Sec. 102.03 (1) (c), Stats. 1939, recognizes that an employee, injured while off from the premises of the employer, and while on his way to and from work, is not covered by the Workmen's Compensation Act. Only in cases where the employer has agreed to actually transport employees as a part of the contract of employment does the act apply."

The accident in the *Kerin Case* occurred outside of the hours of employment of the employee, and the above-quoted extract must be understood in that context, and to be limited to such a situation.

The respondents contend that whether or not the accident arose out of the employment presents a question of fact and the commission's finding of fact that it did not is conclusive upon this court. The facts in the instant case are undisputed. In such a situation if but one inference can reasonably be drawn from such undisputed facts a question of law is presented and the finding of the commission to the contrary is not binding on the reviewing court; but, if more than one inference can reasonably be drawn, then the finding of the commission is conclusive. *Schmidlkofer v. Industrial Comm.* (1953), 265 Wis. 535, 538, 61 N. W. (2d) 862. It is interesting to note that the California supreme court in the recent case of *Reinert v. Industrial Accident Comm.* (1956), 46 Cal. (2d) 349, 354, 294 Pac. (2d) 713, 716, had adopted this same test in determining when a finding by the California commission in a workmen's compensation case is binding upon a reviewing court. In that case a finding by the commission, that an accident which occurred while the employee was engaged in a personal recreational activity did not arise out of the employment, was reversed.

We do not consider it would be appropriate for us in this case to attempt to establish a line of demarcation and declare that all trips by an employee off the premises of the employer for the purpose of ministering to his comfort on the job, which fall within a certain area of space or time, arise out of the employment and that those which extend beyond such boundary line do not. It would be extremely difficult to draw such a line because the space and time element would necessarily have to be different with respect to an employment in a rural area as distinguished from an urban one.

Whatever may be the line of demarcation, we are satisfied that no reasonable inference can be drawn from the undisputed facts in the instant case that the accident did not arise out of the employment.

The commission also found that at the time of the accident Van Roy was not performing service "growing out of and incidental to his employment." This court early in the history of workmen's compensation cases held that an employee who ministers to his personal comfort during the hours of employment is "performing services growing out of and incidental to his employment." *Milwaukee Western F. Co. v. Industrial Comm.* (1915), 159 Wis. 635, 641, 150 N. W. 998, and *Racine Rubber Co. v. Industrial Comm.* (1917), 165 Wis. 600, 162 N. W. 664. As pointed out in our opinion in the *Krause Case,* it is not necessary that the employee actually be performing some act of work connected with the employment at the time of the accident as a condition precedent to the recovery of workmen's compensation benefits. In fact, no contention to such effect has been advanced by counsel herein.

The brief of the attorney general further urges that the restricted nature of public employees' duties must be taken into consideration in determining whether an activity is in the course of employment. It is argued that, therefore, Van Roy's foreman Marcott could not legally have authorized the trip to the store for lunch and cigarettes. At the hearing, one O'Connor, the chief personnel officer of the Brown county highway department, testified that the authorization granted by Marcott to Van Roy to make the trip to the store lay within Marcott's discretion. O'Connor in such testimony stated:

"About any errands they might run. Now, that could apply to this question you're just asking me in the case of Mr. Marcott asking Mr. Van Roy to get cigarettes. We would not tell Mr. Marcott that he should do this. If it was

the case of comfort of the employees on the job, we will go along with it."

On principle we can perceive no reason why an employee in private employment should be entitled to workmen's compensation benefits, if hurt while off the employer's premises getting a cup of coffee or a sandwich during his hours of employment, and a public employee accidentally injured under the same circumstances should be denied such protection. The employee in the case of *Caporale v. Dept. of Taxation, supra,* who was awarded workmen's compensation benefits while off the employer's premises for purposes of a coffee break, was an employee of the department of taxation and finance of the state of New York.

The cases cited by the attorney general on this point involve situations where public officers or employees exceed their statutory duties. No statute is cited, and we know of none, which would have made it unlawful for Marcott to grant Van Roy permission to leave the place of employment to obtain lunch and cigarettes.

*By the Court.*—Judgment reversed, and cause remanded with directions to set aside the order of the commission, and for the circuit court in turn to remand the proceeding to the Industrial Commission for further action not inconsistent with this opinion.

MARTIN, C. J., and BROWN and FAIRCHILD, JJ., took no part.