STOMMEL, Appellant, v. INDUSTRIAL COMMISSION and
others, Respondents.

*December 1, 1961—January 9, 1962.*

For the appellant there were briefs by *Everson, Whitney, O'Melia & Everson* of Green Bay, and oral argument by *John C. Whitney.*

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents town of Woodville and Hardware Mutual Casualty Company there was a brief by *Hart, Kraege, Jackman & Wightman* of Madison, and oral argument by *W. L. Jackman.*

DIETERICH, J.   The facts are undisputed. In 1950, Roland Stommel started working as a full-time employee for the defendant town of Woodville. His work included general charge of the maintenance and repair of the 52 miles of town roads in the town of Woodville. This work included grading, sanding, graveling, snow removal, cutting and burning brush and weeds, placing and removal of barricades, flares, and snow fences, and other work necessary to keep the town roads in usable condition. This work by its nature required irregular hours, and as a consequence Stommel occasionally would work early or late and on weekends.

Stommel was the owner of a 1931 Model A Ford pickup truck and a 1947 Chevrolet automobile. Stommel often used the pickup truck on town business, particularly in the winter because he felt he could travel snow-covered roads better with this old, high-wheeled truck than with newer vehicles. The town of Woodville owned three trucks that were at Stommel's disposal and his use of the pickup truck was not dictated by necessity. The town did not normally

pay him for the use of his truck unless he traveled outside the town limits. Then he would be reimbursed for mileage.

At the time Stommel was employed, it was agreed he would be paid an hourly rate for his labor. There was no agreement to pay him for the use of his truck. The testimony reveals that the town would have paid for mileage for the use of Stommel's truck if he had turned in such mileage. However, the town would not have paid for repairs to his truck or for Stommel's time in repairing the truck. Repairs to the truck were made by Stommel personally in a large garage owned by the town of Woodville. Such use of the garage was known to and agreeable to the town officials.

Stommel was also an insurance agent on a part-time basis. He usually did this work on Sundays and occasionally nights. On the day of his death, Saturday, November 24, 1956, Stommel was at the home of Ralph Mader, a farmer, and sold him some insurance. He was driving the Model A truck and mentioned something about repairing it. It is not clear whether this visit occurred before or after his noon lunch, which he had at his home. Stommel left home with his truck, telling his wife that he was going to the town garage for the purpose of repairing a spring on his truck and also for the purpose of checking the town's sanding equipment because the weather forecast was for sleet.

Stommel did not return to his home for the evening meal. About 8 p. m., Mrs. Stommel telephoned her son-in-law and asked him to check why her husband had not returned. The son-in-law, Leitner, went to the town garage and found Stommel lying under the truck, which had fallen off supporting blocks, crushing him to death.

The coroner found that Stommel had died of suffocation and estimated that Stommel had been dead four to six hours.

The sole issue raised on this appeal is whether the deceased, at the time of his death, was performing a service

growing out of and incidental to his employment within the meaning of sec. 102.03 (1) (c) and (e), Stats.[1] The facts in this case are undisputed. When the facts are undisputed, and only one inference can reasonably be drawn from such facts, then a question of law is presented and the findings of the commission to the contrary are not binding on the reviewing court; but, if more than one inference can reasonably be drawn, then the finding of the commission is conclusive. *Van Roy v. Industrial Comm.* (1958), 5 Wis. (2d) 416, 92 N. W. (2d) 818, and *Schmidlkofer v. Industrial Comm.* (1953), 265 Wis. 535, 61 N. W. (2d) 862.

The plaintiff contends that the finding of the commission that Stommel was not, at the time of his fatal accident, acting as an employee of the town board is a conclusion of law and not binding upon a reviewing court. The controlling statute, sec. 102.18 (1), Stats., provides, "After final hearing the commission shall make and file its findings upon all the facts involved in the controversy, . . ." This language of this statute has been construed as not requiring that such findings by the commission take the form of stating evidentiary facts, but only ultimate facts. *Mrs. Drenk's Foods v. Industrial Comm.* (1959), 8 Wis. (2d) 192, 99 N. W. (2d) 172; *Wisconsin Appleton Co. v. Industrial Comm.* (1955), 269 Wis. 312, 69 N. W. (2d) 433; *Van Pool v. Industrial Comm.* (1954), 267 Wis. 292, 64 N. W. (2d) 813.

In this case we are satisfied that the issue of whether Stommel sustained an injury in an accident which arose out of his employment, presented an ultimate question of fact.

---

[1] "CONDITIONS OF LIABILITY. (1) Liability under this chapter shall exist against an employer only where the following conditions concur: . . .

"(c) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment.

"(e) Where the accident or disease causing injury arises out of his employment."

Therefore, the findings of the commission are true findings of fact which meet the requirements of sec. 102.18 (1), Stats.

The following evidentiary facts, substantiated by the record, provide credible evidence to support the findings of the commission.

Lester Eiting, town chairman from 1948 to 1955, testified that he was chairman at the time that Stommel was hired. That though he knew that Stommel owned a pickup truck at the time he was employed, owning a truck was not a condition for employment. Regarding any agreement with Stommel for the upkeep of Stommel's truck, Eiting's testimony is as follows:

"*Q*. Did you have any agreement, that you know of, with Mr. Stommel regarding the upkeep of his Ford pickup truck? *A*. Not the upkeep. . . .

"*Q*. Did you pay Mr. Stommel for working on his own car and truck? *A*. Well, that I couldn't say. The time was left to him.

"*Q*. Well, had you known that he was working on his own vehicle, would you have consented to paying him? *A*. No."

Eiting was not town chairman in November, 1956, when Stommel sustained his fatal injury. However, Ray Gregoire, town clerk since March of 1951, until the time of the hearing, testified that he knew of no change of any arrangements with Stommel between the time Eiting went out as town chairman in 1955 and the time of Stommel's death in November of 1956. He testified further that the town did not order parts for the repair of Stommel's car or truck.

The foregoing testimony is sufficient to support the commission's finding of ultimate fact that at the time of the accident causing Stommel's death, he was not working within the scope of his employment within the meaning of sec. 102.03 (1) (c) and (e), Stats. In the absence of fraud, such finding, supported by credible evidence, is conclusive upon the court and the finding must be sustained. Sec.

102.23, Stats.,[2] ". . . when facts are not in dispute but permit the drawing of different inferences therefrom, the drawing of one of such permissible inferences by the commission is an act of fact finding, and the inference so derived constitutes a finding of an ultimate fact and not a conclusion of law." *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 69, 56 N. E. (2d) 525.

*By the Court.*—Judgment affirmed.

GORDON, J., took no part.

---

[2] "JUDICIAL REVIEW. (1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; . . . but the same shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award."