DIBBLE, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Respondents.

*No. 5. Argued October 1, 1968.—Decided October 29, 1968.*
(Also reported in 161 N. W. 2d 913.)

344

For the appellant there were briefs by *La Follette, Sinykin, Anderson, Davis & Abrahamson,* attorneys, and

*Earl Munson, Jr.,* of counsel, all of Madison, and oral argument by *Mr. Munson.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, J. The issue is: Is there sufficient credible evidence to support the finding that the accident occurred while the decedent was engaged in a deviation from his employment in an act not reasonably necessary for living or incidental thereto within the meaning of the Workmen's Compensation Act?

The controlling statutory provisions are:

"102.03 **Conditions of liability.** (1) Liability under this chapter shall exist against an employer only where the following conditions concur:

". . .

"(c) 1. Where, at the time of the injury, the employe is performing service growing out of and incidental to his employment. . . .

". . .

"(f) Every employe whose employment requires him to travel shall be deemed to be performing service growing out of and incidental to his employment at all times while on a trip, except when engaged in a deviation for a private or personal purpose. Acts reasonably necessary for living or incidental thereto shall not be regarded as such a deviation. Any accident or disease arising out of a hazard of such service shall be deemed to arise out of his employment."

The facts governing the instant case are not in dispute.

" ' ". . . when facts are not in dispute, but permit the drawing of different inferences therefrom, the drawing of one of such permissible inferences by the commission is an act of fact finding, and the inference so derived constitutes a finding of an ultimate fact and not a conclusion of law. *Hipke v. Industrial Comm.* (1952), 261 Wis. 226, 231, 52 N. W. (2d) 401; *Ebner v. Industrial*

*Comm.* (1948), 252 Wis. 199, 201, 31 N. W. (2d) 172; *Green Valley Co-op. Dairy Co. v. Industrial Comm.* (1947), 250 Wis. 502, 505, 506, 27 N. W. (2d) 454."' *American Motors Corp. v. Industrial Comm.* (1957), 1 Wis. 2d 261, 264, 265, 83 N. W. 2d 714." *Neese v. State Medical Society* (1967), 36 Wis. 2d 497, 503, 153 N. W. 2d 552.

If more than one inference can be reasonably drawn, then the finding of the department is conclusive, *Schmidlkofer v. Industrial Comm.* (1953), 265 Wis. 535, 61 N. W. 2d 862; *Van Roy v. Industrial Comm.* (1958), 5 Wis. 2d 416, 92 N. W. 2d 818, and this court will affirm a finding of fact of the department unless such finding of fact is clearly against all credible evidence or is so inherently unreasonable so as not to be entitled to any weight. *Van Valin v. Industrial Comm.* (1962), 15 Wis. 2d 362, 367, 368, 112 N. W. 2d 920; *Bergner v. Industrial Comm.* (1968), 37 Wis. 2d 578, 589, 155 N. W. 2d 602.

As pointed out by the appellant, because of the presumption created by the statute there must be a finding of two essential facts by the department before benefits can be denied. There must be (1) a deviation by the employee from his business trip, and (2) such deviation must be for a personal purpose not reasonably necessary for living or incidental thereto.

The fatal injury occurred within Dibble's assigned territory while he was on a business trip. This is sufficient to raise the statutory presumption that he was within the scope of his employment.

In *Tyrrell v. Industrial Comm.* (1965), 27 Wis. 2d 219, 224, 133 N. W. 2d 810, we stated:

"This presumption will continue in the absence of evidence to the contrary. *Armstrong v. Industrial Comm.* (1948), 254 Wis. 174, 35 N. W. (2d) 212; *Racine County v. Industrial Comm.* (1933), 210 Wis. 315, 246 N. W. 303. The presumption is rebuttable and drops out when evidence to the contrary is presented. In *Arm-*

*strong v. Industrial Comm., supra,* this court was presented with a comparable factual situation:

" 'In addition to contentions based upon the facts it is contended by applicant that sec. 102.03 (1) (f), Stats. 1945, puts upon the employer the burden of proving the fact of deviation from the course of employment. It is further contended that, upon the introduction of evidence that deceased was in the service of his employer when last seen, applicant is entitled to a presumption that he continued in his employment and that he was so engaged at the time of his death.

" 'We do not find it necessary to discuss or determine the merits of these contentions because we conclude that, even if the burden of proof is upon the employer to show deviation, and even though the applicant is entitled to the presumption just referred to, there is evidence to support the commission's finding that decedent at the time of his accidental drowning was not performing services growing out of and incidental to his employment. It is obvious that evidence sufficient to sustain this burden is sufficient to rebut the presumption. In commenting upon the evidence it should be kept clearly in mind that the commission was not seeking a complete explanation of the circumstances of decedent's death. Had this been the objective it is probably true that such an explanation could only be arrived at by guess. The issue is whether there is substantial evidence that at the time of his death Armstrong had deviated from his employment and was not performing services growing out of and incidental thereto.' " [1]

There is no question that the deviation was not for a business purpose. Dibble had finished his day's work; he had completed his daily report, his planned itinerary would not take him north of the Ona Motel nor the Blue Moon Lounge; his next scheduled call was planned for 10 a. m. the next day at La Crosse, which is south of Onalaska and south of the Ona Motel; and there is no evidence to even remotely suggest that he intended to contact any potential customers or otherwise act in fur-

[1] *See also Turner v. Industrial Comm.* (1954), 268 Wis. 320, 324, 67 N. W. 2d 392.

therance of his employer's business at the time and place in question. This evidence is sufficient to allow the department to find "that the deceased had deviated for a personal purpose and not for the benefit of the employer and had not returned to the normal route to be used in his work at the time of the fatal accident."

The statute, however, provides that "[a]cts reasonably necessary for living or incidental thereto shall not be regarded as such a deviation." The question remains, therefore, whether there is credible evidence upon which the department could conclude that the deviation, although for a personal purpose, was not an act reasonably necessary for living or incidental thereto.

The appellant relies primarily upon the case of *Hansen v. Industrial Comm.* (1951), 258 Wis. 623, 46 N. W. 2d 754. Hansen was employed as a traveling salesman whose duties took him to Nogales, Arizona. An international fence separates Nogales, Arizona from Nogales, Mexico. During an afternoon business call Hansen invited the manager and an employee of the store with whom he did business to have dinner with him in a restaurant just over the border on the Mexican side. Hansen met the employee and later the manager at the appointed place that evening. Late in the evening the employee and the manager left. Somewhat later Hansen was found dead about one-half block south of the restaurant. There was no evidence as to how Hansen met his death, how he got to the spot where he was found, nor how or when or with whom he left the restaurant. There was no evidence as to any event after Hansen's customers left him and the discovery of his body.

Upon these facts the court allowed recovery and in doing so stated:

"The statute is so framed as to prevent any finding of deviation unless some meaningful manifestation of an

intention on the salesman's part to engage voluntarily 'in a deviation for a private or personal purpose' is shown to exist. Dining and spending the evening according to a custom ordinarily considered as usual and proper is not a deviation which takes the salesman out of the character of his employment. It cannot be held that evidence exists of deviation if it does no more than show the salesman engaged in proper and customary conduct while living away from home.

"There is no evidence as to how or exactly where Hansen was injured nor as to whether it was the result of an assault or an accident. His body, with knees and hands bruised, was found a short distance south of the restaurant where he had dined with friends. It is considered that this is not a showing of facts which would eliminate or overcome the inferences necessarily arising because of the interpretation to be given to the language of the statute. There is no evidence that Hansen had, for the time being, abandoned his employment in favor of a private or personal enterprise so as to constitute a completed deviation. It is considered that the record here is such that the commission was required to give full effect to the statute and to hold that Hansen was within the provisions defining employment, and because his injury occurred during such employment, it is to be deemed to have arisen out of his employment." *Hansen v. Industrial Comm., supra,* page 627.

The trial court in its excellent memorandum opinion distinguishes the facts of this case from *Hansen.* This court likewise and in much the same manner distinguishes the cases upon their facts.

In *Hansen,* neither the nature of the cause of death nor how he got to the location where his body was found were known. Here Mr. Dibble drove his car to the site of the collision and caused the accident by deviating into the wrong lane of traffic.

There was no evidence at all of intoxication in the *Hansen Case.* In this case there is evidence that Dibble had consumed intoxicating liquor. Two witnesses felt he was under the influence and an autopsy report re-

vealed his blood alcohol tested .16 percent. (Intoxication does not defeat a workmen's compensation claim but only decreases the benefits.) [2] Intoxication is not an issue in this case. However, it is relevant evidence as to Dibble's state of mind insofar as it helps resolve the question of whether the deviation was for a private purpose and whether it was an act reasonably necessary for living or incidental thereto. Neither during his first nor second trip to the Blue Moon Lounge did Dibble contact any customer nor prospective customer. It cannot be said the intoxicants he ordered were in any way in the furtherance of his employer's business. In the *Hansen Case,* Hansen was at the restaurant for the specific purpose of contacting customers.

While a cocktail or two before dinner probably is an acceptable social custom incidental to an act reasonably necessary to living, the department could conclude that Dibble's indulgence was beyond reasonableness. Certainly at the time of his second trip to the lounge after he had dinner his indulgence was not an act reasonably necessary or incidental to living.

While the evidence does not reveal where Dibble was going or what his purpose was, we are of the opinion that viewing the evidence as a whole the department could reasonably find by inference upon credible evidence that at the time when the fatal accident occurred "that the deceased had deviated for a personal purpose and not for the benefit of the employer and had not returned to the normal route to be used in his work at the time of the fatal accident; that at the time of accident, deceased was at a place where neither the duties of his employment nor acts of living called for his presence; that the deceased did not sustain injury in the course of and incidental to his employment; that the accident causing

---

[2] *See* sec. 102.58, Stats., and *Nutrine Candy Co. v. Industrial Comm.* (1943), 243 Wis. 52, 9 N. W. 2d 94.

injury did not arise out of his employment." The evidence here is sufficient to overcome the statutory presumption.[3]

*By the Court.*—Judgment affirmed.

---

[3] *See Armstrong v. Industrial Comm., supra.*