Loma **DUKE**, Appellant,

v.

**BROWN HOTEL COMPANY**, Appellee.

Court of Appeals of Kentucky.

May 26, 1972.

Floyd M. Lampert, Hollis, N. Y., for appellant.

Charles F. Wood, Louisville, for appellee.

REED, Judge.

The plaintiff, Loma Duke, appeals from a summary judgment which dismissed her action for personal injuries against the defendant, Brown Hotel Company. The decisive issue in the case is whether the plaintiff should be considered an employee of the defendant at the time of her injuries and therefore confined to the remedy of a claim for workmen's compensation benefits or considered an independent contractor and thus entitled to sue her employer at common law and recover damages if the defendant was negligent and its negligence was a legal cause of the harm. The

circuit court decided that in the instance presented the contract of employment, which was an express written contract, impelled the conclusion that plaintiff had bargained away her right to sue at common law in return for a right to be compensated in accordance with the Workmen's Compensation Act for disability caused by work-connected injuries whether caused by the employer's negligence or not. We affirm the circuit court.

Loma Duke, an entertainer, was a member of the American Guild of Variety Artists which is a national union representing many artists and entertainers. We shall hereinafter refer to this union as AGVA. The defendant operated a hotel and undertook to provide entertainment for its patrons. This involved the booking of various types of acts or routines, usually in the form of music or dancing, or both. All entertainers of the type employed by defendant belong to AGVA.

The defendant entered into a written contract with AGVA that it would employ only members of that union. The plaintiff entered into a written contract with the defendant on the union's standard form. This contract provided that the plaintiff accepted an engagement to perform her act under "the direction, supervision and control" of the defendant. Shortly before this time she had entered into another contract with the Shamrock Hilton Hotel wherein it was provided that she was to be considered an independent contractor and retained "exclusive control over the means, method and details of fulfilling the obligations" undertaken. Both of these agreements resulted from collective bargaining on plaintiff's behalf by her union with the employer. It is clear that the differences in legal consequences between the concerned relationships were clearly understood as is evidenced by the contractual recitations.

In the agreement between the plaintiff and the defendant it was provided that plaintiff should be considered an employee and not an independent contractor, and the responsibility for the payment of all taxes and contributions under the Workmen's Compensation Law was imposed upon the defendant.

Plaintiff employed others as a part of her act which was called "An Hawaiian Review." On the first night of her engagement at the defendant's hotel, during an intermission, a cocoanut fire pot, which was being used to light the dressing area was toppled and the plaintiff's costume, a grass skirt, was ignited causing her to suffer burns over her body. She alleged in her complaint that the fire pot was toppled over through the negligence of one of the defendant's employees.

Plaintiff argues that since she was to be paid $750 for the entire engagement of six days and was to furnish the entire review for that amount, and since the review consisted of a troupe of five performers whom she selected, employed, and in all respects controlled, it was apparent that despite the express provisions of the contract of employment she was an independent contractor and not an employee.

Several abstract statements are repeated in the case law that appear dispositive unless considered in the context in which they are stated. It has been said that in a contract of hire the name adopted by the parties to describe their relationship is ordinarily of very little importance as against the factual rights and duties they assume. This type of judicial pronouncement is usually found where the factual context consists of a mere incidental recitation. The instant contract goes further. In the first place, it gives the right of direction, supervision and control of the act to the employer. In the second place, it specifically imposes upon the employer the responsibility for the payment of all taxes and contributions under the Workmen's Compensation Law. It is significant that this agreement studiously goes beyond a mere recitation of the relationship. Additionally, it is relevant that the legal conse-

quences flowing from the status of independent contractor or employee were known and bargained for between the parties; this is confirmed by the contract negotiated shortly before the one with which we deal wherein not only the status of independent contractor is recited but the additional significant statement is made that the plaintiff would in that contractual agreement have exclusive control of the means, method and details of fulfilling her obligations.

We are not dealing with a contract that resulted from an imbalance of bargaining positions between the contracting parties. The defendant-employer had bound itself to employ only members of plaintiff's union. The plaintiff was obligated to abide by the constitution and bylaws of her union. The provisions of the employment contract were actually the result of collective bargaining for terms and conditions deemed favorable to the union member. Thus, we cannot say that the contract was the product of a form of economic coercion by reason of an employer's superior bargaining position.

In this case the employer, a self-insurer under the workmen's compensation plan, actually agreed to compensate the plaintiff for disability resulting from work-connected injuries at definite rates prescribed in the pertinent statutes, whether the injury causing the disability was caused by the fault of the employer or otherwise. If the plaintiff in the instance presented had pursued the workmen's compensation remedy, the defendant-employer in the instance of an injury caused without its negligence would have had a hard row to hoe if it had attempted to defend her claim on the basis that she was an independent contractor. It would have been confronted by an express agreement that she was an employee, that the employer had the vested contractual right to direct, supervise and control her and was obligated to pay all taxes and contributions required by the Workmen's Compensation Law.

In Brewer v. Millich, Ky., 276 S. W.2d 12 (1955), we said that the court must look behind any formal agreement to the substance of the relationship to determine whether a person undertaking to do work for another is an independent contractor or an employee within coverage of the Workmen's Compensation Law. In that case, however, the contract merely denominated the worker an independent contractor, but then proceeded to recite various details concerning the performance of the work that indicated an employee status rather than an independent contractor relationship. We upheld the action of the Workmen's Compensation Board in disregarding the mere recitation that the worker was an independent contractor. We stated that in the construction of contracts of the type there presented, the approach to be used is broader and involves a more liberal construction favoring the employee. This is but another way of saying that the parties contract in face of the existence of the Workmen's Compensation Law, which has as its broad social purpose the protection of the employee, and contracts between the parties, which are evasive of that legislation, will not prevent a court, as a matter of legislatively declared public policy, from disregarding the evasive recitation. This also, in our view, is the underlying rationale of related cases involving employment contracts where Social Security taxes and unemployment insurance acts are involved. See Annotation 158 ALR, p. 915.

We are not dealing here with injury to one of the parties employed by the plaintiff to perform in her troupe. Therefore, such cases as Schmidlkofer v. Industrial Commission, 265 Wis. 535, 61 N.W.2d 862 (1953), and McLaughlin v. Follendorf, Ind., 130 N.E.2d 779 (1955), are not applicable in that they present the situation of a nonparty to the direct contract of hire who is in an entirely different relative bargaining position from that presented in the instant case. In Cove Fork Coal Company v. Newcomb, Ky., 343 S.W.2d 838 (1961),

we directly noted that the determination of the relationship of employer-employee under the Workmen's Compensation Law is broader and uses a more liberal construction favorable to the employee than the approach used in determining the relationship of master and servant or principal and agent in tort actions. In Craddock v. Imperial Casualty and Indemnity Co., Ky., 451 S.W.2d 658 (1970), we remarked that this analysis indicated nothing more than a policy of liberal construction in determining the status and relationship of the concerned parties to each other. Larson states that if the contractual designation of the relationship is so plainly and completely at odds with the undisputed facts the contractual designation must be disregarded. See Larson's Workmen's Compensation Law, Vol. 1A, Sec. 44.32, page 654.

Although it is quite probable that paternalism should not be carried so far that the state says to a workman who honestly does not want to be an employee, "We do not care what you want; we think employee status with compensation protection is better for you"; nevertheless, a plain statement that the parties intended the relation of employer and employee is evidence of intent that cannot be disregarded.

■  The plaintiff also argues that the defendant at one time admitted in a pleading that she was an independent contractor. Examination of the record, however, reveals that an amended complaint was thereafter filed, and in the amended answer of the defendant filed after the amended complaint this statement was effectively withdrawn and the contract between the parties was properly pleaded. We perceive no error in this respect.

It is therefore our conclusion that by reason of the contract which was not against public policy but was rather implemental of expressed public policy, plaintiff was confined to the result of her bargaining. Her exclusive remedy resided in the Workmen's Compensation Law and she was not entitled to sue at common law.

The judgment is affirmed.

All concur.